**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

MIKEL JAMES YORDY,

       Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

       Defendant.

_____/

No. 1:09-CV-03028-NJV

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

      Defendant Michael Astrue, Commissioner of Social Security, has moved to dismiss the

complaint filed by Plaintiff Mikel James Yordy (Doc. No. 10). Plaintiff opposes dismissal. (Doc.

No. 13). The motions were submitted on the papers. Having considered all of the papers filed by

the parties, the Court **DENIES** Defendant's Motion to Dismiss.

**I.  BACKGROUND**

      On June 20, 2006, Plaintiff filed an application with the Social Security Administration for a

period of disability and disability insurance benefits under Title II of the Social Security Act,

alleging disability beginning on October 10, 2006. The claim was denied initially on July 7, 2006,

and upon reconsideration on November 11, 2006. On December 26, 2006 Plaintiff requested a

hearing by an Administrative Law Judge ("ALJ"). That hearing was held on October 24, 2007, and

on February 14, 2008 the ALJ denied Plaintiff's claim for benefits. (Devera Decl., Ex.1) Plaintiff

requested review of the ALJ's decision by the Appeals Council of the Office of Disability

United States District Court
For the Northern District of California

1   Adjudication and Review ("Appeals Council").  On April 24, 2009 the Appeals Council sent

2   Plaintiff a "Notice of Appeals Council Action" denying Plaintiff's requested review.  (Devera Decl.,

3   Ex. 2)  Plaintiff filed a complaint for judicial review pursuant to 42 U.S.C. § 405(g) in the United

4   States District Court for the Northern District of California on July 6, 2009.  (Doc. No. 1)  Both

5   parties consent to jurisdiction of this Court as required by 28 U.S.C. § 636(c).

6           Defendant filed a Motion to Dismiss on October 13, 2009.  (Doc. No. 10)  The parties

7   stipulated to a briefing schedule whereby Plaintiff's opposition would be due thirty days from the

8   filing of the Motion to Dismiss and Defendant's reply, if any, would be due fourteen days thereafter.

9   (Doc. No. 11)  Plaintiff filed his Opposition to Defendant's Motion to Dismiss on November 12,

10  2009.  (Doc. No. 13)  Defendant did not file a reply.

11          In his Opposition, Plaintiff provides a chronology of events surrounding the Complaint's

12  filing, through declarations from plaintiff's counsel and plaintiff's counsel's legal secretary, which

13  Defendant does not oppose.  According to the declaration from Ann Elizabeth Walance, legal

14  secretary for Kenneth Collins, Ms. Walance mailed the Complaint, filing fee and other necessary

15  papers for this case to the United States District Court, Northern District of California on June 23,

16  2009.  Walance Decl. ¶ 2, Ex. 1.  The Clerk's Office returned the packet of papers on June 26, 2009

17  because Ms. Walance had mistakenly submitted a check made payable to plaintiff's counsel and not

18  to the U.S. District Court.  *Id*. at 2, Ex. 2.  Ms. Walance received the returned packet on July 1,

19  2009; she re-sent the packet that day with a properly issued check.  *Id*. at 5; Collins Decl. ¶ 3.  On

20  September 15, 2009, defense counsel informed plaintiff's counsel that Defendant would be filing a

21  Motion to Dismiss.  Collins Decl. ¶ 4.  On September 18, 2009, plaintiff's counsel sent a letter to

22  defense counsel explaining the series of events and requesting that the Appeals Counsel deem the

23  matter timely filed.  *Id*. at ¶ 5, Ex. 1.  On September 21, 2009 an email purportedly from defense

24  counsel indicated that he had received the letter, but would be proceeding with the Motion to

25  Dismiss.  *Id*. at ¶ 6, Ex. 2.

26  //

27  //

28  //

**II.  DISCUSSION**

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

**A.    Legal Standard**

Dismissal under Rule 12(b)(6) is appropriate when the complaint, if true as alleged, does not entitle a plaintiff to some form of legal remedy.  *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).  Rule 12(b)(6) motions are viewed with disfavor and are properly granted only under extraordinary circumstances.  *Gilligan v. Jamco Development Corp.*, 108 F3d 246, 249 (9th Cir. 1997).

Where the facts and dates alleged in a complaint indicate that the action is time-barred, a motion to dismiss under Rule 12(b)(6) is appropriate.  *Jablon v. Dean Witter & Co.*, 614 F2d 677, 682 (9th Cir. 1980).  However, when a Rule 12(b)(6) motion is based upon the running of a statute of limitations, it can be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Id*.

Although the Court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987).  While the Court cannot accept "new" facts alleged in opposition papers, a plaintiff's briefing may always be used to clarify allegations in a complaint.  *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000).

After a "final decision" by the Commissioner regarding a claim under Title II of the Social Security Act, a claimant may request judicial review in the United States District Court.  42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(5), 422.210.  A "final decision" has been made once a claimant has exhausted his administrative remedies, which include reconsideration of the initial determination, a hearing before an ALJ and a request for review by the Appeals Council.  42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(2)-(5), 422.210; *see Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1989).  Requests for judicial review must be made within 60 days after the claimant receives notice

of the Appeals Council's denial of review of the ALJ's decision, unless the Appeals Council grants

an extension.  42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).  A claimant is presumed to have received

the Appeals Council's notice five days after the date of that notice.  20 C.F.R. § 422.210(c).  The 60-

day requirement is not a jurisdictional threshold for the Court, but rather constitutes a statute of

limitations.  *See Bowen v. New York*, 476 U.S. 467, 478 (1986).

**B.    Analysis**

Defendant argues for dismissal alleging that Plaintiff filed his complaint after the 60-day

deadline prescribed by 42 U.S.C. § 405(g), without an extension from the Appeals Council and

absent any circumstances warranting equitable tolling of the statute of limitations.  In response,

Plaintiff maintains that: (1) the Court has authority to correct plaintiff's counsel's clerical mistake;

and (2) the Complaint was constructively received by the Clerk's office before June 28, 2009 and

therefore was timely filed.

There is no dispute that the Appeals Council sent the "Notice of Appeals Council Action" on

April 24, 2009, exhausting Plaintiff's administrative remedies and giving him until June 28, 2009 to

file the Complaint.  Nor is there any question that the Complaint was time-stamped as filed in the

Clerk's Office on July 6, 2009.  The issue is whether any assertions in the Complaint, if true as

alleged and read in a light most favorable to Plaintiff, would permit Plaintiff to prove that the statute

of limitations was tolled.  The Complaint in this instance is read in conjunction with Plaintiff's

Opposition, which clarifies the time-line of the Complaint's filing.

1.   Court's Authority to Enlarge Time

Plaintiff incorrectly relies on Rule 60 for the proposition that the Court can correct plaintiff's

counsel's clerical error in filing the incorrect check with the Clerk's office.  Fed. R. Civ. P. 60.  Such

a motion is not ripe for consideration here as Rule 60 applies only after a final judgment, order or

proceeding has been entered or taken.[1]  Plaintiff also incorrectly argues that Rule 6(b)(1) permits the

Court to extend time.  A request to extend time after time has expired must be made by motion.  Fed.

[1] Plaintiff cites Rule 60(b)(1), which would apply to this case post-order, and quotes Rule 60(a), which would not.  Rule 60(a) applies only to clerical errors made in a judgment or order, not to clerical errors made by a party or its representative.

4

**United States District Court**
For the Northern District of California

1  R. Civ. P. 6(b)(1)(B).  Even if Plaintiff's Opposition to Defendant's Motion to Dismiss were a

2  properly filed motion in accordance with Rules 6(b)(1)(B) and 7(b), which it is not, Rule 6(b) only

3  allows a court to extend deadlines prescribed by the federal rules or the court.  It does not allow a

4  court to enlarge time periods established by statute.  *See* Charles Alan Wright & Arthur R. Miller,

5  Federal Practice and Procedure § 1165 (3d ed. 2009); *Parker v. Marcotte*, 975 F.Supp. 1266, 1269

6  (C.D. Cal. 1997), rev'd on other grounds, 198 F.3d 254 (9th Cir. 1999).  The Court may not utilize

7  Rule 6(b), then, to enlarge the statute of limitations prescribed by 42 U.S.C. § 405(g).

8      2.   Constructive Receipt

9      For purposes of determining when a statute of limitations has expired, the Ninth Circuit

10  follows a "constructive filing" rule, by which a complaint is considered filed when it is "placed in

11  the possession of the clerk of the district court, which simply means delivery to the appropriate

12  office at the courthouse."  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

13  § 1153 (3d ed. 2009); *see Smith v. Frank,* 923 F.2d 139, 141 (9th Cir. 1991) (citing Wright & Miller

14  § 1153); *Citron v. Union Pac. R.R. Co.*, 813 F.2d 917 (9th Cir. 1987); *United States v. Dae Ram*

15  *Fishing Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (complaint is filed when placed in the actual or

16  constructive possession of the clerk).  In *Citron*, the Ninth Circuit held that a complaint was

17  constructively filed on the date it was received by the clerk, despite being rejected for failure to

18  comply with local rules and the federal filing fee statute.  813 F.2d at 921.  In that case, the plaintiff

19  had filed his complaint on the wrong sized paper and over-paid the filing fee.  *Id* at 919.  The court

20  held that a district court should regard as "filed" a complaint that is delivered to the clerk within the

21  statutory period but fails to conform with formal requirements in the local rules or with the filing fee

22  requirements under 28 U.S.C. § 1914.  *Id*. at 920.

23      Relying on *Citron* and *Dae Rim*, the Court finds that Plaintiff constructively filed his

24  Complaint on June 26, 2009.  Plaintiff's counsel sent the correct filing amount under 28 U.S.C. §

25  1914, but by clerical oversight the check was not made out to the U.S. District Court, as required by

26  the Clerk's Office's fee schedule.  Upon being made aware of the oversight, plaintiff's counsel

27  quickly and diligently corrected the error.  As the Complaint is deemed filed on June 26, 2009, the

28

**United States District Court**
For the Northern District of California

1  request for judicial review was timely made within the 60-day requirement under 42 U.S.C. §

2  405(g).

3      3.  Equitable Tolling

4          In *Bowen v. New York*, the Supreme Court found that equitable tolling of the statute of

5  limitations is permitted under 42 U.S.C. § 405(g), a statute "that Congress designed to be 'unusually

6  protective' of claimants."  476 U.S. at 480 (citing *Heckler v. Day*, 467 U.S. 104, 106 (1984)).  The

7  Court clarified that, while the Commissioner typically makes the determination whether to grant an

8  extension, there are rare cases when the equities in favor of tolling render deference to the

9  Commissioner inappropriate.  *Id*.  However, because the statute of limitations in this case was tolled

10  when the Complaint was constructively filed on July 26, 2009, the Court need not determine whether

11  the facts of this case require equitable tolling in order to serve the interests of the Social Security

12  Act.

13                    **III.  CONCLUSION**

14          For the reasons described above, the Court DENIES Defendant's motion to dismiss.  The

15  Court further orders that Defendant must serve and file an answer, together with a certified copy of

16  the transcript of the administrative record, within 90 days of the filing of this order.  Thereafter, the

17  Procedural Order (Doc. No. 2) governs the deadlines for this action.

18

19  **IT IS SO ORDERED.**

20

21

22  Dated:  February 22, 2010                    NANDOR J. VADAS

23                                    United States Magistrate Judge

24

25

26

27

28